**CV 10- 5187**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 0 9 2010 ★

BROOKLYN OFFICE

RICHARD GILLIARD

              Plaintiff,

  -against-

THE CITY OF NEW YORK,
P.O "JANE DOE" AND P.O
"JOHN DOE" 1-10.

1'through'10 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff.

              Defendants.

--------------------------------------------------------X

CASE No.:

GARAUFIS, J. **COMPLAINT**

PLAINTIFF DEMANDS
TRIAL BY JURY

POLLAK. M.J

Plaintiff RICHARD GILLIARD, by his attorney, JARED KNEITEL, complaining of

the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages, and attorney's

fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitutions of the State of New York and the

United States. Plaintiff is are also asserting supplemental state law tort claims.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the First,

Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4.    Venue is properly laid in the Eastern District of New York under U.S.C. § 1391 (b), in that this is the District in which the claim arose.

## JURY DEMAND

5.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.    Plaintiff, RICHARD GILLIARD, is a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.    Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.    Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.    Defendants, P.O "JANE DOE" AND P.O "JOHN DOE" 1-10 – the names of the last defendants being fictitious, the true names of the defendants being unknown to the plaintiff – are police officers with the New York City Police Department.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

## **FACTS**

12.    At approximately 7:30pm on June 13, 2010, RICHARD GILLIARD was lawfully present

in the Marcy Housing Development – located at 623 Park Ave, Kings County, New York.

RICHARD GILLIARD was dropping his 10yr old son off at a birthday party at his mother-in-

law's apartment at 623 Park Ave.

13.    After dropping off his son, RICHARD GILLIARD was leaving the building. At this time,

police officers rushed the building. Without probable cause, reasonable suspicion, or a common-

law right to inquire, police officers from the 79th Precinct stopped RICHARD GILLIARD.

RICHARD GILLIARD was stopped in the lobby of 623 Park Ave as he was attempting to leave

the building.

14.    RICHARD GILLIARD was instructed to present his identification to the police officers.

RICHARD GILLIARD complied with the police officers' instructions. A police officer wanted

to ensure that RICHARD GILLIARD was lawfully present in the building and asked from where

RICHARD GILLIARD had just come. RICHARD GILLIARD and that officer agreed to go

upstairs to the apartment from where RICHARD GILLIARD had just come.

15.    However, another police officer – without provocation – then grabbed RICHARD

GILLIARD by his neck and forced him against a wall. RICHARD GILLIARD's lip was cut

from the force of being forced against the wall. RICHARD GILLIARD's wrist and back were

also injured. That officer was shouting and yelling at RICHARD GILLIARD. RICHARD

GILLIARD videotaped the officers' conduct with his cell phone.

16.    Another police officer informed the assaulting officer that RICHARD GILLIARD was

videotaping the officers. The assaulting officer attempted to take RICHARD GILLIARD's phone

from him. RICHARD GILLIARD was detained for approximately two hours.

17.    RICHARD GILLIARD was issued a Desk Appearance Ticket for disorderly conduct. On or about August 12, 2010 the case against RICHARD GILLIARD for disorderly conduct was dismissed. RICHARD GILLIARD was not issued a summons or ticket for trespass.

18.    Plaintiff timely filed a Notice of Claim on September 10, 2010.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. S 1983

19.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

20.    All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

21.    All of the aforementioned acts deprived Plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

22.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

23.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

24.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

25.    The acts complained of deprived plaintiffs of his rights:

A.    Not to be deprived of liberty without due process of law;

B.    To be free from seizure and arrest not based upon probable cause;

C.    To be free from unwarranted and malicious criminal prosecution;

D.    Not to have excessive force imposed upon him;

E.    Not to have summary punishment imposed upon him; and

F.    To receive equal protection under the law.

## PENDENT STATE CLAIMS

26.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

27.    Within ninety days after the claim herein accrued, plaintiff duly served upon, presented to, and filed with defendant THE CITY OF NEW YORK a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50(e).

28.    Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty days have elapsed since the presentation of such claim as aforesaid.

29.    Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h. Said hearing was adjourned.

30.    This action was commenced within one year and ninety days after the cause of action herein accrued.

31.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

32.    This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## ASSAULT

33.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

34.    Defendants' aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

35.    As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## BATTERY

36.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

37.    Defendant police officers touched plaintiff in a harmful and offensive manner.

38.    Defendant police officers did so without privilege or consent from plaintiff.

39.    As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

## THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE ARREST

40.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

41.    Defendant police officers arrested plaintiff in the absence of probable cause and without a warrant.

42.    As a result of the aforesaid conduct by defendants, plaintiff was subjected to an illegal, improper, and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by the defendants in criminal proceedings.

43.   The aforesaid actions by the defendants constituted a deprivation of plaintiff's rights.

## FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## FALSE IMPRISONMENT

44.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in the previous

paragraphs with the same force and effect as if fully set forth herein.

45.   As a result of the foregoing, plaintiff was falsely imprisoned, his liberty was restricted

for an extended period of time, was put in fear for his safety, was humiliated, and

subjected to physical restraints.

46.   Plaintiff was conscious of said confinement and did not consent to same.

47.   The confinement of plaintiff was without probable cause and was not otherwise privileged.

48.   As a result of the aforementioned conduct, plaintiff has suffered physical and

mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## MALICIOUS PROSECUTION

49.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in the previous

paragraphs with the same force and effect as if fully set forth herein.

50.   Defendants lacked probable cause to commence said criminal proceeding against plaintiff.

51.   Defendants were motivated by actual malice in commencing said criminal proceeding

against plaintiff.

52.   As a result of the aforementioned conduct, plaintiff suffered physical and mental injury,

together with embarrassment, humiliation, shock, fright, and loss of freedom.

## SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

54.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

55.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

56.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

57.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

58.    As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

59.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

60.    Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned, and supervised all members of its Police Department, including the defendants individually named above.

61.    Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department, including the defendants individually named above.

62.     Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

63.     As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

64.     By reason of the aforesaid conduct by defendants, plaintiffs each request the following relief:

      A.     Compensatory damages in the amount of five-hundred thousand dollars ($500,000);

      B.     Punitive damages in the amount of five-hundred thousand dollars ($500,000);

      C.     An award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements; and

      D.     Any further relief as the Court may find just and proper.

**WHEREFORE,** plaintiff demands judgment in the sum of five-hundred thousand dollars ($500,000) in compensatory damages, five-hundred thousand dollars ($500,000) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: November November 9, 2010
      New York, NY

                                   Attorney for Plaintiff
                                   Jared Kneitel, Esq. [JK2054]
                                   110 Wall Street, 11th Floor
                                   New York, NY 10005
                                   212.709.8387