UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RICHARD GILLIARD,

                        Plaintiff,

    -against-

THE CITY OF NEW YORK; CHRISTIAN
ALLEN, Individually and in His Official Capacity;
ANTHONY COPPOLA, Individually and in His
Official Capacity; KEVIN COSTELLO,
Individually and in His Official Capacity; and
JOHN/JANE DOES, Nos. 1-10, Individually
and in Their Official Capacities (members of the
New York City Police Department whose names
are presently unknown to plaintiff),

                       Defendants.
------------------------------------------------------------x

**AMENDED COMPLAINT**

**Jury Trial Demanded**

**ECF Case**

10 Civ. 5187 (NGG) (CLP)

      Plaintiff RICHARD GILLIARD, by his attorney, Robert T. Perry, respectfully alleges as follows:

### NATURE OF ACTION

    1.    Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil rights under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments to the United States Constitution. Plaintiff also asserts supplemental claims under New York law.

### JURISDICTION AND VENUE

    2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3. The Court has jurisdiction over plaintiff's New York law claims under 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the claims occurred in this district.

## JURY DEMAND

5. Plaintiff respectfully demands trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff RICHARD GILLIARD is, and was at all times relevant herein, a resident of Brooklyn, New York.

7. Defendant CITY OF NEW YORK ("City") is, and was at all times relevant herein, a municipal corporation duly organized and existing under the laws of the State of New York. The City maintains the New York City Police Department ("NYPD"), which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

8. Defendant CHRISTIAN ALLEN is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. Defendant Allen is being sued in his individual and official capacities.

9. Defendant ANTHONY COPPOLA is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. Defendant Coppola is being sued in his individual and official capacities.

10. Defendant KEVIN COSTELLO is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. Defendant Costello is being sued in his individual and official capacities.

11. All "John Doe" and "Jane Doe" defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD. The Doe defendants are being sued in their individual and official capacities.

12. At all relevant times herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties. At all relevant times herein, the individual defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

13. At all relevant times herein, the individual defendants acted jointly and in concert with each other. Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## STATEMENT OF FACTS

14. At approximately 7:30 p.m. on June 13, 2010, plaintiff Richard Gilliard lawfully entered a public housing building in the March Housing Development at 623 Park Avenue, in Kings County, New York to drop off his 10-year-old son at a birthday party at his mother-in-law's apartment.

15. As plaintiff exited the elevator on the first floor to leave the building, defendants Christian Allen, Anthony Coppola, Kevin Costello, and several John/Jane Doe defendants rushed

into the building. Without probable cause, reasonable suspicion, or a common-law right to inquire, they stopped plaintiff in the first-floor lobby, as he was leaving the building.

16.     Plaintiff was instructed to present his identification to the defendants. Plaintiff complied with these instructions. A defendant wanted to ensure that plaintiff was lawfully present in the building and asked from where plaintiff had just come. Plaintiff told the defendant that he had just dropped his 10-year-old son off at his mother-in-law's apartment. Plaintiff and the defendant agreed to go upstairs to the apartment from where plaintiff had just come.

17.     However, another defendant -- without provocation -- grabbed plaintiff by his neck and forced him against a wall, causing a cut to plaintiff's lip and injuries to plaintiff's back and wrists. The defendant shouted and yelled at plaintiff. Plaintiff offered no physical resistance.

18.     Holding his cellphone in his right hand, plaintiff was able to videotape the assault. When another defendant informed the defendant assaulting plaintiff that plaintiff was videotaping the assault, the latter defendant attempted to take plaintiff's cellphone from his hand. Plaintiff, however, held on to his cellphone.

19.     Plaintiff was detained for approximately two hours.

20.     Plaintiff was issued a summons for disorderly conduct. On or about August 12, 2010, the case against plaintiff was dismissed.

## FIRST CLAIM FOR RELIEF

### (Section 1983 False Arrest Claim)

21.     Plaintiff repeats and realleges paragraphs "1" through "20" with the same force and effect as if they were fully set forth herein.

22. Defendants, acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause to believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### (Section 1983 Excessive Force Claim)

23. Plaintiff repeats and realleges paragraphs "1" through "22" with the same force and effect as if they were fully set forth herein.

24. Defendants, acting in concert and within the scope of their authority, used objectively unreasonable force in arresting plaintiff, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## THIRD CLAIM FOR RELIEF

### (Section 1983 Free Speech Claim)

25. Plaintiff repeats and realleges paragraphs "1" through "24" with the same force and effect as if they were fully set forth herein.

26. Defendants, acting in concert and within the scope of their authority, retaliated against plaintiff for videotaping police misconduct, in violation of plaintiff's right to freedom of speech under the First and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF

### (Section 1983 Malicious Prosecution Claim)

27. Plaintiff repeats and realleges paragraphs "1" through "26" with the same force and effect as if they were fully set forth herein.

28. Defendants, acting in concert and within the scope of their authority, caused plaintiff to be prosecuted with malice and without probable cause -- a prosecution that terminated in plaintiff's favor -- in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## FIFTH CLAIM FOR RELIEF

### (Section 1983 Malicious Abuse of Process Claim)

29. Plaintiff repeats and realleges paragraphs "1" through "28" with the same force and effect as if they were fully set forth herein.

30. Defendants, acting in concert and within the scope of their authority, caused plaintiff to be prosecuted for a collateral objective outside the legitimate ends of the legal process, namely, to cover up their abuse of authority in arresting plaintiff, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## SIXTH CLAIM FOR RELIEF

### (Section 1983 Failure-to-Intervene Claim)

31. Plaintiff repeats and realleges paragraphs "1" through "30" with the same force and effect as if they were fully set forth herein.

32. Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other defendants, but failed to intervene to prevent the unlawful conduct, in violation of plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

## SEVENTH CLAIM FOR RELIEF

### (Section 1983 Municipal Liability Claim)

33. Plaintiff repeats and realleges paragraphs "1" through "32" with the same force and effect as if they were fully set forth herein.

34. The individual defendants, singly and collectively, while acting under color of state law, engaged in conduct that constituted customs, policies, practices, procedures, rules, or usages of defendant City and the NYPD forbidden by the Constitution of the United States.

35. The foregoing customs, policies, practices, procedures, rules, and usages included, but were not limited to, making arrests without probable cause to believe that the arrestees had committed any crime or offense.

36. The existence of the foregoing customs, policies, procedures, rules, and usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York

**Milton Feliciano v. City of New York**, United States District Court, Southern District of New York, 09 CV 10275

**Tilas Jackson v. City of New York**, United States District Court, Southern District of New York, 09 CV 915

**Francisco Baez v. City of New York**, United States District Court, Southern District of New York, 08 CV 10604

**Robert Graham v. City of New York**, United States District Court, Eastern District of New York, 08 CV 3518

**Terrell Greaves v. City of New York**, United States District Court, Southern District of New York, 06 CV 5709

**Joshua Weiner v. City of New York**, United States District Court, Southern District of New York, 06 CV 6058

37. Defendant City has inadequately screened, hired, retained, trained, and supervised its employees, including the individual defendants herein, to respect the constitutional rights of those individuals with whom NYPD police officers come in contact.

38. The foregoing customs, policies, practices, procedures, rules, and usages constituted deliberate indifference to plaintiff's safety, well-being, and constitutional rights.

39. The foregoing customs, policies, practices, procedures, rules, or usages were the direct and proximate cause of the constitutional violations suffered by plaintiff.

40. The foregoing customs, policies, practices, procedures, rules, or usages were the moving force behind the constitutional violations suffered by plaintiff.

## Supplemental State Law Claims

41. Plaintiff repeats and realleges paragraphs "1" through "40" with the same force and effect as if they were fully set forth herein.

42. Within ninety (90) days after plaintiff's claims herein arose, plaintiff duly served upon, presented to, and filed with the City of New York a Notice of Claim setting forth all facts and information required under New York General Municipal Law § 50-e.

43. More than thirty (30) days have elapsed since the presentation of plaintiff's claims to the City of New York. The City of New York has wholly neglected or refused to make an adjustment or payment thereof.

44. This action was commenced within one (1) year and ninety (90) days after the claims accrued.

45. Plaintiff has complied with all conditions precedent to maintaining the instant action.

## EIGHTH CLAIM FOR RELIEF

### (False Arrest Under New York Law)

46. Plaintiff repeats and realleges paragraphs "1" through "45" with the same force and effect as if they were fully set forth herein.

47. Defendants, acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause to believe that plaintiff had committed any crime or offense, and without any warrant or authority to do so, in violation of New York law.

## NINTH CLAIM FOR RELIEF

### (Assault Under New York Law)

48. Plaintiff repeats and realleges paragraphs "1" through "47" with the same force and effect as if they were fully set forth herein.

49. Defendants, acting in concert and within the scope of their authority, placed plaintiff in apprehension of imminent harmful and offensive bodily contact, in violation of New York law.

## TENTH CLAIM FOR RELIEF

### (Battery Under New York Law)

50. Plaintiff repeats and realleges paragraphs "1" through "49" with the same force and effect as if they were fully set forth herein.

51. Defendants, acting in concert and within the scope of their authority, made offensive contact with plaintiff without privilege or consent, in violation of New York law.

## ELEVENTH CLAIM FOR RELIEF

### (Malicious Prosecution Under New York Law)

52.     Plaintiff repeats and realleges paragraphs "1" through "51" with the same force and effect as if they were fully set forth herein.

53.     Defendants, acting in concert and within the scope of their authority, caused plaintiff to be prosecuted with malice and without probable cause -- a prosecution that terminated in plaintiff's favor -- in violation of New York law.

## TWELFTH CLAIM FOR RELIEF

### (Malicious Abuse of Process Under New York Law)

54.     Plaintiff repeats and realleges paragraphs "1" through "53" with the same force and effect as if they were fully set forth herein.

55.     Defendants, acting in concert and within the scope of their authority, caused plaintiff to be prosecuted for a collateral objective outside the legitimate ends of the legal process, namely, to cover up their abuse of authority in arresting plaintiff, in violation of New York law.

## THIRTEENTH CLAIM FOR RELIEF

### (Freedom of Speech Under New York Law)

56.     Plaintiff repeats and realleges paragraphs 1 through "55" with the same force and effect as if they were fully set forth herein.

57.     Defendants, acting in concert and within the scope of their authority, retaliated against plaintiff for videotaping police misconduct, in violation of plaintiff's right to freedom of speech under Article I, Section 8 of the New York State Constitution.

## FOURTEENTH CLAIM FOR RELIEF

### (Negligent Screening, Hiring, and Retention Under New York Law)

58. Plaintiff repeats and realleges paragraphs 1 through "57" with the same force and effect as if they were fully set forth herein.

59. Defendant City failed to use reasonable care in the screening, hiring, and retention of the NYPD employees who participated in the above-described unlawful conduct, in violation of New York law.

## FIFTEENTH CLAIM FOR RELIEF

### (Negligent Training and Supervision Under New York Law)

60. Plaintiff repeats and realleges paragraphs 1 through "59" with the same force and effect as if they were fully set forth herein.

61. Defendant City failed to use reasonable care in the training and supervision of the NYPD employees who participated in the above-described unlawful conduct, in violation of New York law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands the following relief jointly and several against all the defendants:

(A)  Compensatory damages in an amount to be determined at trial;

(B)  Punitive damages in an amount to be determined at trial;

(C)  Reasonable attorney's fees and costs of this litigation; and

(D)  Such other relief as this Court deems just and proper.

Dated:  Brooklyn, New York
May 16, 2011

Respectfully submitted,

*Robert T. Perry*
ROBERT T. PERRY (RP-1199)
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410

Attorney for Plaintiff RICHARD GILLIARD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RICHARD GILLIARD,                              :
                                               :
                         Plaintiff,            :
                                               :
         -against-                             :
                                               :
THE CITY OF NEW YORK; CHRISTIAN                :
ALLEN, Individually and in His Official Capacity; :     10 Civ. 5187 (NGG) (CLP)
ANTHONY COPPOLA, Individually and in His       :
Official Capacity; KEVIN COSTELLO,             :
Individually and in His Official Capacity; and :
JOHN/JANE DOES, Nos. 1-10, Individually        :
and in Their Official Capacities (members of the :
New York City Police Department whose names    :
are presently unknown to plaintiff),           :
                                               :
                         Defendants.           :
------------------------------------------------------------x


## AMENDED COMPLAINT


ROBERT T. PERRY
Attorney for Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410